**BELT PAINTING CORPORATION & DYNAMIC PAINTING CORPORATION**

**vs.**

**MASSACHUSETTS BAY TRANSPORTATION AUTHORITY & CARBOLINE COMPANY**

**No. 54842**

Superior Court/Suffolk, ss.
Commonwealth of Massachusetts

**November 30, 1982**

</div>

Robert C. Gerrard, James A. G. Hamilton, counsels for plaintiff.
John A. Donovan, Jr., James E. Forin, Leonard A. Kelley, Frances A. Sullivan, counsels for defendant.

## RULINGS, ORDER AND MEMORANDUM OF DECISION ON DEFENDANT CARBOLINE COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS

**Background.**

In this action Belt Painting Corporation and Dynamic Painting Corporation (plaintiffs) seek to recover money allegedly owed them on a contract and for additional work from the defendant Massachusetts Bay Transportation Authority (MBTA). Plaintiffs also seek damages for alleged breaches of warranties and negligent failure to warn from the defendant Carboline Co. (Carboline). These claims arise from a contract between plaintiffs and the MBTA to paint the elevated structure of the MBTA Orange Line and an agreement with Carboline to supply paint for the project. Plaintiffs formed a joint venture to perform the contract.

Plaintiffs allege that Carboline recommended and sold to them a specific combination of primer and finish paint for the project. In May, 1977, plaintiffs informed Carboline that portions of the finish coat had failed to adhere. They now claim that Carboline expressly warranted that the primer and the finish paint were compatible. In August 1978, the MBTA demanded that plaintiffs repaint several areas of the elevated structure and between August 17, 1978 and September 6, 1979 repainting occurred as demanded. On October 10, 1979, the MBTA instructed plaintiffs to cease all painting work. At that time, plaintiffs allege, the MBTA had failed to pay them certain sums due under the contract.

On May 7, 1982, plaintiff filed the complaint in this action. On August 18, 1982, Carboline filed its motion for judgment on the pleadings currently under consideration.

**Rulings and Memorandum of Decision.**

Mass. R. Civ. P. 12(c) provides in part, "(a)fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." When such a motion is made by the defendant, it is equivalent to a motion to dismiss. J. W. Smith & H.B. Zobel, Rules Practice sec. 12.16 at 305 (1974). In considering a motion to dismiss a court must accept as true the allegations of the complaint as well as inferences drawn therefrom. **Nader v. Citron,** 372 Mass. 96, 98 (1977).

Carboline argues that Counts III, IV and V of the complaint, alleging breaches of warranties, are barred by the statute of limitations in G.L. c. 106, sec. 2-725 (sec. 2-725). Section 2-725 states that an "action for breach of any contract for sale must be commenced within four years after the cause of action accrued." That section further provides that a "breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered." **Id.**

In Counts III, IV and V of their complaint plaintiffs allege breaches of warranties against Carboline. The complaint states that paint was applied within a four-year period prior to the filing of the complaint on May 7, 1982.[1] This court concludes that it is a reasonable inference that tender of delivery of at least some of the paint was made within that same four-year period. Plaintiffs' claims with respect to paint delivered within that period, therefore, comes within sec. 2-725's statute of limitations of sec. 2-725.

Plaintiff's also allege that Carboline expressly warranted that the finish coat would not separate from the primer.[2] It is a reasonable inference that such an explicit warranty extended to the future performance of the paint within the meaning of the exception to the tender of delivery rule. See sec. 2-725(2).

---

[1] Plaintiffs' complaint, pars. 33-34.
[2] Plaintiffs' complaint, pars. 55-56.

Additionally in their complaint and reasonable inferences drawn therefrom, plaintiffs contend that Carboline continued to expressly confirm, throughout the project, the compatibility of the primer and the finish coat.[3] In fact plaintiffs allege that Carboline claimed that the thickness of the application caused the peeling of the finish coat.[4] It is reasonable to infer that plaintiffs, relying on Carboline's explanation of the cause of the peeling, applied the paint according to Carboline's recommendations throughout the duration of the project which extended into 1979. Therefore, it is a reasonable inference that the breach of the express warranty of compatibility was not discovered until 1978 or 1979 when the paint failed to adhere despite Carboline's assurances of compatibility and application recommendations.[5] In conclusion it is a reasonable inference that plaintiffs' cause of action accrued within the four-year statute of limitations pursuant to sec. 2-725.

Carboline also argues that Counts VI and VII of the plaintiffs' complaint, for negligent failure to warn, are barred by the statutes of limitations pursuant to G.L. c. 106, sec. 2-318 (sec. 2-318) and G.L. c. 260, sec. 2A. Section 2-318 provides for a three-year statute of limitation from the date of injury and damage. The injury alleged by plaintiffs is the loss of money under the contract. The limitations period pursuant to sec. 2-318 begins "when the damage flowing from the injury can fairly be estimated." *Cameo Curtains, Inc. v. Philip Carey Corp.*, Mass. App. Ct. Adv. Sh. (1981) 411, 413. It is a reasonable inference that at least some of the damages first occurred in October, 1979, when the MBTA failed to pay plaintiffs part of the contract price,[6] thus falling within the three-year statute of limitations under sec. 2-318.

**Order.**

For the reasons stated above, it is therefore ordered that the motion of Carboline Co. for judgment on the pleadings be denied.

<div align="right">

**Paul G. Garrity**
**Justice of the Superior Court**

</div>

---

[3]Plaintiffs' complaint, pars. 24, 39.
[4]Plaintiffs' complaint, par. 39.
[5]Plaintiffs' complaint, pars. 32, 41.
[6]Plaintiffs' complaint, par. 43.